**Stella J. TAYLOR, Plaintiff,**

v.

**Allen W. TAYLOR, Defendant.**

**Civ. A. No. 71–C–75–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Oct. 6, 1972.

Frank O. Meade, Meade, Tate & Meade, Danville, Va., for plaintiff.

Charles R. Warren, Jr., Warren, Parker & Williams, Danville, Va., for defendant.

OPINION and JUDGMENT

DALTON, District Judge.

This is a diversity action which calls upon this court to interpret the terms of a contract between the parties. Jurisdiction is based on 28 U.S.C. §§ 1331, 2201. The plaintiff, Stella Taylor, is a resident of North Carolina. Allen Taylor, the defendant, is a resident of Virginia.

The controversy concerns an alimony support provision contained in a contract and deed of separation dated November 18, 1963. The contested provision reads:

(19) Allen W. Taylor covenant and agrees to pay to Stella J. Taylor for her support and maintenance, and for the support and maintenance of the minor children of the parties during their minority, monthly payments as follows: . . .

Except for a brief period, the defendant has, since the divorce, paid $750 per

month to the plaintiff. He has just recently reduced his payments to $250 per month contending that the children, having attained majority status, are no longer entitled to support. Therefore their share of the alimony payment must be pro rata abated by $250 for each child. The defendant in effect contends that the contested provision means that the $750 was both alimony and child support payments. The defendant has counterclaimed for $32,750 in alleged overpayment to the plaintiff.

The plaintiff contends that no part of the $750 was intended to be child support, that it was to be alimony and nothing else. She has asked this court to order the defendant to resume the full $750 monthly payment and to pay her all sums now owing to her under the contract because of defendant's actions.

For reasons hereafter set out this court grants relief to the plaintiff and denies defendant's motion for summary judgment in his favor. First throughout the separation agreement, this money is referred to solely as alimony. No words are used which would indicate that there existed any child support payments. There is no language to the effect that part of the payments to the plaintiff were to be held by her for the benefit of her minor children.

Second, the full $750 was to be discontinued upon the plaintiff's remarriage. No provision was made for continued support of the children upon remarriage. In addition upon remarriage the plaintiff alone was entitled to receive a lump sum payment of $10,000. None of this money was delegated to the minor children.

Third, under another provision the death of the plaintiff released the defendant from his obligation to pay the full $750. No pro rata reduction existed whereby the children would continue to receive support.

Fourth, and perhaps most important, the agreement specifically stated that the entire $750 per month was taxable to the plaintiff. Under the Internal Revenue Code § 71, only alimony payments are deductible by the husband and taxable to the wife. Child support payments cannot be deducted by the husband. To be considered child support payments, the agreement must fix a specific amount or proportion which is to go for support of the children. Mere intention or an indication in the agreement that part of the money will be used for child support is not sufficient. Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961). Therefore under the tax law the full $750 would be alimony and not child support.

The defendant seems to be faced on the one hand by the deductibility of the money on his tax return and on the other by discontinuance of two-thirds of it after his children reach twenty-one. The defendant is therefore in a conflicting position. It is obvious to this court that he intended and wanted to make these payments tax deductible, which means all the money must be alimony. The court is of the opinion that the situation would be changed to his favor merely because the agreement contained an indefinite statement that these payments also went to support his minor children.

Fifth, the payments were to continue unabated until he retired, at which time the full $750 monthly payment would end. Again, no mention was made about prior reductions as the children reached twenty-one years of age.

Sixth, other provisions which referred to the plaintiff and her children together did make separate provisions for the plaintiff on the one hand and the children on the other, specifically paragraphs 8 and 20. In the paragraph in question, reference was made to both the plaintiff and her children, but only the wife was provided for.

Seventh, nowhere in paragraph 19 of the agreement is there a provision which calls for a reduction of payments to the plaintiff as her children reach age twenty-one. All the contingencies in that paragraph concern the plaintiff and the

defendant. No references were made to any contingency, such as death or incapacity, concerning the minor children.

Finally, the plaintiff continued to pay the full $750 per month for many years after his children reached majority. Only now does he contest this provision when his income is not sufficient to meet his living and alimony cost. While the court may feel the defendant merits some equitable consideration, yet, from the legal standpoint, the defendant is bound by the contract of 1963. One cannot now be allowed to change the meaning of such a written contract.

The court orders the defendant to pay to the plaintiff all money now owing to her under the contract without interest which has not been paid to date by the defendant because of his decreased payments. Further, this court orders the defendant to pay the plaintiff the full amount of the alimony stated in the agreement—that is, $750 per month, all of which is adjudged and ordered.

Each party shall bear their own costs.